UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON,<br><br>                Petitioner,<br>   vs.<br><br>SATAN THE DEVIL<br>TERRI MCDONALD, CHIEF P.D.<br>L.A. COUNTY,<br><br>                Respondents. | No. CV 19-4510-SVW (FFM)<br><br>ORDER SUMMARILY DISMISSING HABEAS ACTION AND DENYING CERTIFICATE OF APPEALABILITY |

      On or about May 16, 2019, petitioner Adrian Moon constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") pursuant to 28 U.S.C. § 2254 ("Section 2254"). (Docket No. 1.) The Petition purports to relate to prison discipline, a parole problem, "Proposition 47; 57 and AB109 Discriminatory Discharge." (Docket No. 1, p. 2.)

      Petitioner does not seek any habeas relief. Rather, he requests a "declaration that Respondent violated Petitioner's civil/criminal rights under natural law," appointment of the federal public defender, an "evidentiary hearing," and that "Respondent be required to repent of their [*sic*] sins, then collect the wages for their sins." (Docket No. 1, p. 8.) Thus, the gist of petitioner's action appears to

be an attempt to assert civil rights claims and to obtain damages against individual defendants. Such claims are not cognizable in a habeas petition. The Court accordingly finds that the Petition is subject to dismissal.

The Court further finds that granting petitioner leave to amend this action to state a habeas claim would be futile. Petitioner has filed numerous previous habeas actions in this Court ostensibly challenging the terms on which he was released on parole. *See Adrian Moon v. William Muniz*, CV 18-1558 SVW (FFM) ("*Moon v. Muniz*"); *Adrian Moon v. County of Los Angeles Probation Dept.* et al., 18-5793 SVW (FFM) ("*Moon v. County of Los Angeles Probation Department*"); *Adrian Moon v. Satan the Devil* et al., 19-381 SVW (FFM) ("*Moon v. Satan the Devil*"). If petitioner does in fact intend to challenge his parole terms by means of the instant Petition, the Petition would be subject to dismissal as second or successive. *See* 28 U.S.C. § 2244(b).

Furthermore, in *Moon v. Muniz*, petitioner's original and amended pleadings included claims sounding in civil rights rather than habeas. (*See Moon v. Muniz*, Docket No. 63 at 2-4.) In granting petitioner a final opportunity to amend his pleading, the Honorable Frederick F. Mumm directed petitioner to "delete any claims for monetary compensation against anyone" and to file a civil rights action, rather than a habeas action, if he wished to pursue such claims. (*Id.* at 3.) That petitioner subsequently filed *Moon v. County of Los Angeles Probation Department*, *Moon v. Satan the Devil*, and the instant Petition, all of which sound in civil rights, suggests that petitioner has no intention of abiding by the distinction between civil rights and habeas rights actions, but will continue to file Section 2254 pleadings seeking monetary damages against individual defendants.[1]

---

[1] Petitioner may be motivated by the fact that the Court has previously determined that he has "three strikes" against him under 28 U.S.C. § 1915(g) and must therefore meet certain conditions before he may proceed *in forma pauperis*. (*See*

Finally, the Court finds that petitioner is not entitled to a certificate of appealability ("COA"). Under Rule 11(a) of the Rules Governing § 2254 Actions, the district court must issue or deny a COA when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. *Id.* Here, given the Court's ruling on settled legal issues, the Court does not require any arguments from the parties on whether a COA should issue.

Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Here, the Court dismisses Petition on the ground that petitioner's claims are not cognizable in habeas. Thus, the Court's determination of whether a COA should issue is governed by the Supreme Court's decision in *Slack v. McDaniel*, 529 U.S. 473 (2000) ("*Slack*"). In *Slack*, the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. at 484 (emphasis added). Here, given the obvious non-cognizability of petitioner's claims, jurists of reason would not find it debatable whether the district court was correct in its ruling.

///

///

IT IS THEREFORE ORDERED that this action be summarily dismissed

---

*Adrian Moon v. Juanita Garbutt* et al., CV 17-3459 SVW (FFM), Docket Nos. 6-9.) As the fee for filing a habeas action in the Central District is $5.00, compared to $350 for a civil action (*see* Schedule of Fees, CACD Form G-72 (09/18), it would be to petitioner's advantage to present civil rights claims in the guise of a habeas petition.

3

without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. A certificate of appealability is denied.

    LET JUDGEMENT BE ENTERED ACCORDINGLY.

Dated: July 10, 2019

                                          STEPHEN V. WILSON
                                          United States District Judge

Presented by:

  /S/ FREDERICK F. MUMM
     FREDERICK F. MUMM
  United States Magistrate Judge